IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION



**FILED**

**September 10, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STATE OF TENNESSEE,      )
     )
             APPELLEE,      )
     )    No. 03-C-01-9612-CC-00449
     )
     )    Cocke County
v.      )
     )    Rex Henry Ogle, Judge
     )
     )    (Sale of Cocaine and Simple
     )     Possession of Marijuana)
LATHANIEL HANEY,      )
     )
             APPELLANT.      )


FOR THE APPELLANT:

Susanna L. Thomas
Assistant Public Defender
102 Mims Avenue
Newport, TN 37821-3614

OF COUNSEL:

Edwin C. Miller
District Public Defender
P.O. Box 416
Dandridge, TN 37725

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Alfred C. Schmutzer, Jr.
District Attorney General
125 Court Avenue, Suite 301E
Sevierville, TN 37862

Charles E. Atchley, Jr.
Assistant District Attorney General
125 Court Avenue, Suite 301E
Sevierville, TN 37862


OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Lathaniel Haney (defendant), was convicted of five (5) counts of selling cocaine, a Class B felony, two counts of selling cocaine, a Class C felony, and simple possession of marijuana, a Class A misdemeanor, by a jury of his peers. The trial court found the defendant was a multiple offender and imposed the following Range II sentences: cases 6124, 6125, 6128, 6129, and 6130, sale of cocaine, confinement for eighteen (18) years in the Department of Correction in each case; and cases 6126 and 6127, sale of cocaine less than one-half gram, confinement for eight (8) years in the Department of Correction in each case. In case 6123, simple possession of marijuana, the trial court sentenced the defendant to serve eleven months and twenty-nine days in the Cocke County Jail. The trial court ordered that the sentences in cases 6124 and 6125 are to be served concurrently to each other and consecutively to the remaining cases for an effective sentence of thirty-six (36) years. Two issues are presented for review. The defendant contends the evidence is insufficient, as a matter of law, to support his convictions; and the trial court abused its discretion by requiring him to serve two of the sentences consecutively. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court that the judgments of the trial court should be affirmed.

The Drug Task Force for the Fourth Judicial District commenced an investigation into the defendant's sale of illicit narcotics. The investigation began in December of 1993 and ended in February of 1994. The officers conducting the investigation enlisted the assistance of Vance Hodge, who had previously been convicted in the federal district court for his involvement with illicit narcotics.

On December 14, 1993, Hodge was en route to the defendant's home when he saw the defendant in Newport. They stopped and chatted. The defendant told Hodge he was going to the store. He asked Hodge to meet him at his home later in the day. Hodge purchased .5 grams of crack cocaine from the defendant for $200 on this date. This transaction, like the other transactions, took place at the defendant's residence.

Hodge made the following additional purchases of crack cocaine from the defendant

1

at his residence:

1)  December 30, 1993, .7 grams of crack cocaine for $200;

2)  January 5, 1994, .8 grams of crack cocaine for $200;

3)  January 12, 1994, .3 grams of crack cocaine (dollar amount unknown);

4)  January 19, 1994, 1.8 grams of crack cocaine for $600;

5)  January 24, 1994, .6 grams of crack cocaine for $400; and

6)  February 12, 1994, .4 grams of crack cocaine for $200.

Each of these transactions was recorded. The audio recordings were introduced into evidence and played for the benefit of the jury. The money used to purchase the drugs was provided by the Drug Task Force.

On February 14, 1994, the officers executed a search warrant at the defendant's home. They found one-fourth of a pound of marijuana in the refrigerator.

## I.

The defendant contends the evidence is insufficient, as a matter of law, to support his convictions beyond a reasonable doubt. He argues the evidence establishes the defense of justification, and, as a result, the convictions must be set aside and dismissed.

## A.

When the accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those

drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

The evidence contained in the record is more than sufficient to support a finding by a rational trier of fact that the defendant was guilty of each offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The question this Court must now resolve is whether the evidence supports a defense of justification.


**B.**


The defendant contends he was justified in committing the crimes in question. He argues he was an informant for a Federal Bureau of Investigation agent, and this justified his conduct. The State of Tennessee contends the evidence contained in the record does

3

not support a defense of justification.

The defendant relies heavily upon a stipulation to support his defense. The stipulation simply states: "The parties to this cause stipulate as follows: Lathaniel Haney has worked as a confidential informant for the Federal Bureau of Investigation. The details of his work are unavailable." It appears the defense wanted this stipulation rather than call members of the Federal Bureau of Investigation. Defense counsel told the trial judge these individuals, agents of the Federal Bureau of Investigation, had been contacted. Part of the testimony given by the agents would be helpful, but part of their testimony would be damaging to the defendant.

Newport Police Officer Maurice Shults testified as a prosecution witness. He worked with Hodge when most of the transactions in question took place. The following colloquy took place during cross-examination:

> Q. Were you aware of any association that Mr. Haney had with the FBI?
>
> A. I am aware of some former association, yes, ma'am.
>
> Q. And would that be specifically with Agent Joe Mann, who's now retired?
>
> A. That would be to the best of my knowledge, yes.
>
> Q. Did you contact Agent Mann after Mr. Hodge began working on Mr. Haney's case?
>
> A. I notified the FBI that we were working an undercover operation on crack cocaine, and that Mr. Haney was one of those person[s] who we were buying from.
>
> Q. And was that because of his past association?
>
> A. I wanted them to know what we were working, and that, I guess, out of courtesy, I wanted them to know that someone that worked for them before was on the other side of the list.

(emphasis added).

Tennessee Bureau of Investigation Agent Mike Finley took a statement from the defendant on the date the search warrant was executed. He testified on direct examination that the defendant made no mention he was a confidential informant for the Federal Bureau of Investigation, nor did he state the sales of cocaine to Hodge were part of his

employment as a confidential informant for the bureau.

If the evidence established the sales made by the defendant were part of his duties as a confidential informant with the Federal Bureau of Investigation or any other law enforcement agency, the State of Tennessee could not prosecute the defendant. The conduct would have been justified, and such evidence would have established the defense of justification. Tenn. Code Ann. §§ 39-11-601 and -610 (c)(2).

In this case, the record is devoid of evidence that the defendant was acting as a confidential informant with the Federal Bureau of Investigation and his conduct in the sale of these drugs was pursuant to the direction of an agent or other governmental official. The record establishes the defendant formerly worked with an agent of the Federal Bureau of Investigation, but the agent had retired. Moreover, the agents of the Federal Bureau of Investigation were advised of the task force's investigation of the defendant. Apparently, no agent remonstrated or advised state authorities Haney was still working as a confidential agent for them or his actions were a part of his duties as a confidential agent.

The jury heard the evidence as hereinabove set forth. The trial court instructed the jury on the defense of justification. The jury by its verdicts rejected the defendant's theory of defense.

This issue is without merit.

## II.

The defendant contends the trial court abused its discretion by ordering two of the sentences to be served consecutively to the others. He argues the trial court used the same grounds to determine the range, enhance the sentences within the appropriate range, and order the sentences be served consecutively. The defendant concludes "this Court should give greater weight to the mitigation offered by the defendant, in light of the valuable contributions to F.B.I. prosecutions."

**A.**

When an accused challenges the length and manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this Court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a de novo review of a sentence, this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App.), per. app. denied (Tenn. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentences are erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401; Ashby, 823 S.W.2d at 169; Butler, 900 S.W.2d at 311. In this case, the defendant has the burden of illustrating the sentences imposed by the trial court are erroneous.

**B.**

The trial court ordered two sentences to be served consecutively. The effective sentence imposed was thirty-six (36) years. The trial court ordered consecutive sentencing on two grounds. First, the defendant is an offender whose record of criminal activity is extensive. Tenn. Code Ann. § 40-35-115(b)(2). Second, the defendant was being sentenced for offenses which occurred while he was on probation. Tenn. Code Ann. § 40-35-115(b)(6). The trial court would have been justified in finding that the defendant was a professional criminal who had knowingly devoted himself to criminal acts as a major source of livelihood. Tenn. Code Ann. § 40-35-115(b)(1).

The defendant gave Agent Finley a statement outlining the people who supplied him with illicit drugs. When the search warrant was executed at the defendant's residence, the officers seized several firearms, approximately 141 pounds of marijuana, several grams of crack cocaine, and $100,283 from a brief case. The officers also seized approximately $7,000 from five individuals who had come to the defendant's residence while the officers were executing the search warrant. The record is devoid of evidence that the defendant was ever employed. He told the presentence officer he supported himself "by means of odd jobs." This evidence supports ground (b)(1), knowingly devoting himself to criminal activity as a major source of his livelihood.

The defendant challenges (b)(2) and (b)(6) on separate grounds. He first argues the trial court used (b)(2) to establish the appropriate range, enhance the punishment within the range, and order consecutive sentencing. Similarly, the defendant argues the fact the defendant was on probation was used to enhance the sentences within the appropriate range.

There were enough previous convictions to establish the appropriate range as well as to enhance the sentences within that range. This Court has previously held prior felony convictions can be used to support consecutive sentencing notwithstanding the fact the trial court used the convictions to enhance the sentences within the appropriate range. See State v. Davis, 825 S.W.2d 109, 113 (Tenn. Crim. App. 1991), per. app. denied (Tenn. 1992); State v. Davis, 757 S.W.2d 11, 13 (Tenn. Crim. App.), per. app. denied (Tenn. 1987).

The same reasoning applies to the use of criminal offenses committed while on

7

probation. This enhancement factor may likewise be used to support enhancement within the appropriate range and consecutive sentencing based on the reasoning of <u>Davis</u>, 825 S.W.2d at 113; <u>Davis</u>, 757 S.W.2d at 13.

The trial court properly ordered consecutive sentencing. Because of the defendant's prior convictions, particularly for drug offenses, the enormity of his illicit drug business evidenced by the quantity of drugs, the money found, and the firearms contained in his residence, and the fact the defendant has ignored every opportunity to rehabilitate and conform his conduct, society needs to be protected from the defendant and the illicit drugs he has made available to the community. If released into society at an early date, there is every indication the defendant will continue to sell illicit narcotics to any person in the community who desires such narcotics.

This issue is without merit.


_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
CURWOOD WITT, JUDGE

8