IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1997 SESSION



FILED

September 19, 1997

Cecil W. Crowson
Appellate Court Clerk

|  |  |  |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9608-CR-00341 |
| Appellee, | ) | |
| | ) | Davidson County |
| V. | ) | |
| | ) | Honorable Seth Norman, Judge |
| | ) | |
| TYRONE W. VANLIER, SR., | ) | (Rape of a Child--Two Counts) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

Roger K. Smith
Attorney at Law
Suite 115
104 Woodmont Boulevard
Nashville, TN 37205

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson III
District Attorney General

Lila Statom
Assistant District Attorney General
Washington Square, Suite 500
222-2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED: _____

**CONVICTIONS AFFIRMED;
RESENTENCING ORDERED AS TO
CONSECUTIVE SENTENCES**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Tyrone W. Vanlier, Sr., was convicted by a jury of two counts of rape of a child. He was sentenced to twenty-one years for each count with the sentences to be served consecutively. On appeal, the appellant presents three issues for our review: (1) whether the evidence was sufficient to support the jury verdict of guilt beyond a reasonable doubt; (2) whether the trial court properly applied Tenn. Code Ann. §§ 40-35-114(5), (6), (7), and (9) (Supp. 1993) as enhancement factors; and (3) whether the trial court properly imposed consecutive sentences pursuant to Tenn. Code Ann. § 40-35-115(b)(5) (1990). We affirm the appellant's convictions and remand for resentencing as to the issue of consecutive sentences.

The appellant and the victim's mother had a long-term relationship, which included the birth of a son. The appellant, who had lived in the home with the victim intermittently for several years, was convicted of raping the victim anally and vaginally in a single episode that occurred in June 1993.

First, the appellant challenges the sufficiency of the evidence. He contends that the evidence is insufficient to show penetration, which is one of the elements of the crime. The state argues that there is ample evidence that the appellant raped the victim anally and vaginally. The state maintains that the tears in the victim's rectum and vagina, as well as the semen found in both areas, indicate penetration.

Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit the state's witnesses and resolve all evidentiary conflicts in the state's favor. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978).

Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Tenn. R. App. P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985). The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

Upon listening to the testimony at trial, viewing the witness' demeanor, and considering the witness' testimony in light of all the facts in the case, the jury chose to accredit the state's witnesses. Assessing the credibility of witnesses is the purview of the jury. State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). Accordingly, after reviewing the evidence in a light most favorable to the state, we conclude that the record supports the appellant's convictions.

Second, the appellant challenges the trial court's use of the following four enhancement factors: Tenn. Code Ann. §§ 40-35-114(5), (6), (7), and (9) (Supp. 1993). The appellant first argues that Tenn. Code Ann. § 40-35-114(5) was improperly applied to enhance his sentence. This statute states: "The defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense." The state argues that this factor applies because the victim suffered tears to her vaginal and anal areas and suffered emotional trauma.

The appellant argues that in order for the enhancement factor of "exceptional cruelty" to apply, something extra, over and above the injuries suffered as a result of the attack, must be present. The appellant cites two cases in support of his argument: State v. Holland, 860 S.W.2d 53 (Tenn. Crim. App. 1993) and State v. Davis, 825 S.W.2d 109 (Tenn. Crim. App. 1991). In Holland, the victim was "beaten and bruised all over her body." Holland, 860 S.W.2d at 61, n.18. Also, in Davis, the rape victim was forced to disrobe and to be bound; and the defendant urinated in the victim's mouth. Davis, 825 S.W.2d at 113. The appellant contends that such cruelty was not present in this case, and therefore, this enhancement factor should not have been applied.

We agree with the appellant that his sentence should not have been enhanced based upon Tenn. Code Ann. § 40-35-114(5). We do not question the injuries suffered by the victim. However, such injuries are consistent with those flowing from the crime itself. Legally, they do not warrant enhancing the appellant's sentence under Tenn. Code Ann. § 40-35-114(5).

Next, the appellant challenges the trial court's use of Tenn. Code Ann. § 40-35-114(6): "The personal injuries inflicted upon . . . the victim [were] particularly great." The state argues that the damage to the victim's mental health makes this enhancement factor applicable. The appellant, however, contends that any damage to the victim's mental health does not rise to the level of a "particularly great" injury, citing State v. Jones, 883 S.W.2d 597 (Tenn. 1994).

In Jones, our Supreme Court stated that the following conditions "satisfy the definition of a 'particularly great' injury:" "substantial risk of death," "protracted unconsciousness," "extreme physical pain," "protracted or obvious disfigurement," and "protracted loss or substantial impairment of a function of a bodily member, organ, or mental faculty." Jones, 883 S.W.2d at 602.

The evidence indicated that the victim attended several therapy sessions before stopping them approximately eleven months after the offense. Although there was some testimony about future repercussions to the victim, there was no evidence that her injuries arose to the criteria as defined by our Supreme Court. Therefore, we agree with the appellant that Tenn. Code Ann. § 40-35-114(6) was improperly applied to enhance his sentence.

Next, the appellant challenges the trial court's use of Tenn. Code Ann. § 40-35-114(7): "The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement." The state maintains that the appellant acted to gratify his desire for sexual pleasure.

The appellant argues that "the state did not prove or argue the defendant's motive concerning this enhancement factor" and that "the trial court did not find that a motive for the defendant in committing the offenses was to gratify the defendant's desire for pleasure or excitement." In support of his argument, the appellant in his brief cites State v. Kissinger, 922 S.W.2d 482 (Tenn. 1996) and State v. Harris, 866 S.W.2d 583 (Tenn. Crim. App. 1992).

In Kissinger, our Supreme Court considered the issue of whether an orgasm was sufficient proof that an offense was committed to satisfy a defendant's desire for pleasure or excitement. The court observed:

> The essence of factor (7) is the legislative determination that those who are motivated to commit a crime to gratify their own desire for pleasure or excitement should be punished more severely than those who are not. The focus is the offender's motive, not the eventual result.
>
>     . . . That orgasm did or did not occur is simply one factor a court may consider in determining whether the offender committed the offense to gratify the offender's desire for pleasure or excitement. That an offender experienced orgasm does not in and of itself prove the existence of the factor. Likewise, that orgasm did not occur does not necessarily negate the finding.

Kissinger, 922 S.W.2d at 490-91. In Harris, this Court observed that "the sentencing court must scrutinize this enhancement factor very closely before applying it in cases of rape. Common sense would dictate that an enhancement factor which is normally present in a certain type of crime should not carry much weight in and of itself." Harris, 866 S.W.2d at 588.

The appellant's own testimony regarding the victim and how he thought that something might occur the night of the rape support the state's argument that the appellant acted to gratify his desire for pleasure or excitement. Therefore, we agree with the state that Tenn. Code Ann. § 40-35-114(7) was properly applied to enhance the appellant's sentence.

Finally, the appellant challenges the trial court's use of Tenn. Code Ann. § 40-35-114(9): "The defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense." During the appellant's testimony, he denied using a knife; but the victim testified that the appellant used a knife during the commission of the crime.

Upon listening to the testimony at trial, viewing the witness' demeanor, and considering the witness' testimony in light of all the facts in the case, the jury chose to believe the victim. We, therefore, conclude that the trial court properly applied Tenn. Code Ann. § 40-35-114(9) to enhance the appellant's sentence.

Thus, after considering the range of punishment of fifteen to twenty-five years for each offense, we conclude that the enhancement factors applied in this case warrant the trial court's assessment of twenty-one years.

Third, the appellant challenges the trial court's imposition of consecutive sentences. He argues that his aggregate maximum sentence is not reasonably related to the severity of the offenses. The state maintains that the appellant's

sentence is reasonably related to the severity of the offenses and that consecutive sentencing is warranted to protect the public.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant received consecutive sentences pursuant to Tenn. Code Ann. § 40-35-115(b)(5) (1990) which provides that the court may order consecutive sentencing if the appellant "is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and the victim . . .." The state argues that because the victim in this case was raped vaginally and anally in a single episode, which the state argues is two offenses, consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(5) is warranted. Also, the state argues under State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), that the appellant's aggregate sentence is reasonably related to the severity of the crimes involved.

Under Tenn. Code Ann. § 40-35-115(b)(5), consecutive sentencing is not mandatory. As the appellant noted in his brief, this statute codifies the decisions in two Tennessee Supreme Court cases: State v. Taylor, 739 S.W.2d 227 (Tenn. 1987) and Gray v. State, 538 S.W.2d 391 (Tenn. 1976). The court in Taylor held "that consecutive sentences should not routinely be imposed in sexual abuse cases . . . and that the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved." Taylor,

739 S.W.2d at 230. The appellant also notes that in Taylor the trial court sentenced the defendant in that case to twenty-four years out of a possible forty years on each count, to be served consecutively, and the appellant in that case was eligible for parole after service of thirty percent of his sentence. The appellant in this case received a sentence of twenty-one years out of a possible twenty-five years for each offense and was ordered to serve his sentences consecutively. This appellant is not eligible for parole because Tenn. Code Ann. § 39-13-523 (Supp. 1993) requires him to serve the entire sentence imposed by the court.

When the trial court sentences a defendant, the judge must place on the record findings of fact that support the decision as to punishment. This procedure applies to enhancing and mitigating factors as well as to concurrent or consecutive sentences for multiple offenses. Tenn. Code Ann. § 40-35-210(f). The court shall place on the record why consecutive sentences are imposed in light of the foregoing cases and statutes. We respectfully submit that as to the issue of concurrent or consecutive sentencing, the trial court did not record such findings. This Court cannot properly review this issue with the record before us. Therefore, we must remand for resentencing as to the consecutive sentencing issue.

We affirm the appellant's convictions. As to consecutive or concurrent sentences, we remand for resentencing with appropriate findings of fact.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge