**STATE of Tennessee, Appellee,**

v.

**Francisco DAVIS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 17, 1987.

Permission to Appeal Denied by Supreme Court June 1, 1987.

Betty Springfield–Carter, Asst. Atty. Gen., John Zimmermann, Katie Novak, Asst. Dist. Attys. Gen., Nashville, for appellee.

Ross E. Alderman, Richard L. Kaiser, Nashville, for appellant.

## OPINION

DAUGHTREY, Judge.

The defendant, Francisco Davis, was convicted of third degree burglary and grand larceny. He now appeals the trial court's sentencing order, contending that it violates double jeopardy.

The state filed a timely notice of intent to seek enhanced sentencing, pointing out that the defendant had been convicted of at least two prior felonies, in one case for robbery (possibly on two counts) and in another for burglary, making him a persistent offender under TCA § 40–35–202(a). In addition, Davis was on parole from the prior burglary conviction at the time he committed the current offense, making him subject to enhanced sentencing as an especially aggravated offender under TCA § 40–35–107(3)(B). At the sentencing hearing, the trial judge found Davis to be both a persistent and an aggravated offender and therefore subject to Range II sentencing.

Within Range II, the trial judge took into consideration various factors to determine the actual sentences to be imposed, including

> ... the social history of the defendant; his present condition, both physical and mental; the ends of justice; and the best interest of the public and the defendant; as well as the mitigating factors set out in [TCA § ] 40–35–110, and the enhancement factors of 40–35–111. I have considered the sentencing considerations of 40–35–103, and especially the fact that the defendant was on parole when this offense was committed. I have also considered the deterrent effect of any sentence that I impose.

Based on these considerations, the trial judge imposed a seven-year sentence for larceny, the minimum available sentence, and nine years for the burglary. He then found that Davis was a "persistent offender," as that term is defined in *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976), and ruled that the two sentences should be served consecutively, for a total of 16 years imprisonment.

The defendant now insists that his prior record and his status as a parolee were improperly used to enhance his sentence three times, in violation of his right to protection against being twice placed in jeopardy. He relies on certain provisions of the sentencing act and current case law to demonstrate, by analogy, that the sentencing order in his case is unconstitution-

al. For example, he cites the provision in TCA § 40–35–109(f) that prevents use of prior convictions to establish Range II sentencing if the penalty statute for the particular offense involved already provides for enhanced punishment for a second or subsequent violation of the same offense. Likewise, under TCA § 40–35–107(6)(A), it is impermissible to use statutory factors to establish that the defendant is an aggravated offender if those same factors are also essential elements of the crime. See generally *State v. Pride,* 667 S.W.2d 102 (Tenn. Crim.App.1983).

We conclude, however, that the issue raised here is not sufficiently analogous to the situations covered by TCA §§ 40–35–109(f) and 107(6)(A) to permit us to read into other provisions of the sentencing act limitations which the legislature did not explicitly place on those other provisions. We note that the legislature did provide in § 40–35–111 that an enhancing factor may not be used to lengthen a sentence if it has already been used as "one of the criteria for establishing an especially aggravated offense." Thus, the trial judge did err in this case when he considered the defendant's status as a parolee both to make him an aggravated offender subject to Range II sentencing and to increase the sentence within that range. This error can be effectively corrected by reducing the defendant's nine-year sentence for burglary to seven years, the minimum sentence under Range II.

However, nothing in the sentencing act prevents use of prior felony convictions both to establish the defendant's status as a persistent offender, provided those felony convictions meet the limitations of § 40–35–106(a) (two or more felony convictions within five years or four or more within ten years), and to enhance his sentence under § 40–35–111(1). That may be because the latter provision ("a previous history of criminal convictions or criminal behavior") is so much broader than the provisions of § 40–35–106(a), encompassing proof of misdemeanors as well as felonies, misconduct that has gone unprosecuted as well as convictions, and offenses of whatever age.

As for the use of prior felony convictions both to determine the range and length of a single sentence and to determine whether that sentence should be served concurrently with or consecutively to another separate sentence, we conclude that the double jeopardy clause is inapplicable. To equate these situations would be to mix the proverbial apples and oranges.

In *Gray v. State,* 538 S.W.2d 391 (Tenn. 1976), the Supreme Court established certain criteria for consecutive sentencing in the case of multiple convictions. The establishment of such standards avoids the possibility that the trial court's decision will be purely arbitrary and instead subjects it to meaningful review on appeal. The existence of the *Gray* standards does not change the fact, however, that in receiving concurrent sentences, an accused is, in the vernacular, "getting two for the price of one." It seems ludicrous to hold that the double jeopardy clause can dictate that the largesse of concurrent sentencing must be extended in a given case. This multiple offense question is distinguishable from that in *State v. Hudson,* 562 S.W.2d 416 (Tenn.1978), in which the Supreme Court held that the sentence for a *single* offense cannot be twice enhanced.

We therefore hold that the use of the defendant's prior felony offenses to establish his status as a persistent offender both for the purpose of TCA § 40–35–106 and of imposing consecutive sentencing under *Gray v. State, supra,* did not violate the double jeopardy clause.

Because of an error under TCA § 40–35–111, however, we modify the trial court's judgment to reduce the defendant's sentence for burglary to seven years.

AFFIRMED AS MODIFIED.

SCOTT, J., and LLOYD TATUM, Special Judge, concur.