**STATE of Tennessee, Appellee,**

v.

**Roger Clayton DAVIS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 27, 1991.

Permission To Appeal Denied by Supreme Court Jan. 27, 1992.

William A. Buckley, Jr., Athens, for appellant.

Charles W. Burson, Atty. Gen. and Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, Jerry N. Estes, Dist. Atty. Gen., and William Reedy, Asst. Dist. Atty. Gen., Athens, for appellee.

## OPINION

TIPTON, Judge.

The defendant, Roger Clayton Davis, appeals as of right from sentences imposed by the McMinn County · Criminal Court based upon his convictions for aggravated kidnapping and five charges of rape. The defendant was convicted in 1988 and had originally received consecutive sentences totalling life plus one hundred years. However, on appeal, this Court remanded the case for resentencing. *State v. Roger Clayton Davis*, No. 170, McMinn County, 1989 WL 112748 (Tenn.Crim.App., Knoxville, Sept. 29, 1989). On May 21, 1990, the trial court resentenced the defendant under the Criminal Sentencing Reform Act of 1989 as a Range II, multiple offender to the maximum sentence of forty years for the aggravated kidnapping and the maximum sentence of twenty years for each rape. All sentences are consecutive for a total sentence of one hundred forty years in the Department of Correction.

In this appeal, the defendant requests this Court to modify his sentences and, to that end, he asserts the following:

(1) The trial court erred in allowing the state to amend its notice of enhanced punishment, after the remand for sentencing, so as to allow the defendant to be sentenced as a multiple, Range II offender under the 1989 Act.

(2) The trial court erred in classifying the defendant's previous Florida false imprisonment conviction as a Class A felony, as opposed to Class C, in order to place him in Range II.

(3) The trial court erred in classifying the aggravated kidnapping as a Class A felony.

(4) The trial court erred in making all sentences consecutive.

The record in this appeal does not include the record from the trial although the transcript of the trial is before this Court by virtue of the direct appeal. The basic facts, as recounted in the previous opinion of this Court, reflect that the victim was walking along the streets from her place of residence at a family crisis center when she accepted the defendant's offer to drive her to her former apartment. The victim protested immediately when he did not drive in the direction of her destination. The defendant drove to a trailer at a construction site in McMinn County, where he forced her to disrobe. Then, he drove her, naked and bound, to a convenience store, where she escaped while the defendant was buying beer. In route to the trailer, at the trailer and in the convenience store parking area, the defendant physically forced the victim to perform five separate acts of fellatio.

The state asserts that the case should be remanded for sentencing under the 1982 Sentencing Act, which was in effect at the time of the offense and the defendant's first sentencing. It contends that the new sentencing hearing was a continuation of the proceeding that was begun before November 1, 1989, the effective date of the 1989 Sentencing Act, and that the enabling legislation requires the result it seeks.

■ Section 6, chapter 591 of the 1989 Public Acts, codified at T.C.A. § 40–35–117(b), provides as follows:

> Unless prohibited by the United States or Tennessee Constitution, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982, and November 1, 1989, shall be sentenced under the provisions of this chapter.

However, the state relies upon section 115, chapter 591 of the 1989 Public Acts, which is not codified, which states: "This act shall not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before its effec-

tive date." In *State v. James Clifford Harris*, No. 47, Unicoi County, 1990 WL 125026 (Tenn.Crim.App., Knoxville, Aug. 28, 1990), permission to appeal denied (Jan. 22, 1991), this Court specifically held that a sentencing hearing which occurs upon remand is not a continuation of the first sentencing proceeding and, therefore, any such sentencing hearing after the effective date of the 1989 Act is to be controlled by the new Act. In this case, the trial court properly applied the 1989 Act to the defendant's sentencing.

In this regard, the state, pursuant to the 1989 Act, concedes that the Florida conviction equates with one for kidnapping and should be treated as a Class C felony. *See* T.C.A. § 40–35–106(b)(5). Likewise, the state concedes that sentencing the defendant as a Range II, multiple offender was inappropriate. Such a concession renders the defendant's complaint about the improper notice of enhancement as moot and leaves this Court with issues relating to the appropriate Range I sentences to impose and whether or not consecutive sentences are appropriate.

■ The state asserts that it concedes that aggravated kidnapping was reduced from a Class A felony to a Class B felony and that, therefore, the defendant is entitled to benefit from this reduction. Such a concession is magnanimous, but it is incorrect. This concession is based upon T.C.A. § 39–11–112, which is the general saving statute by which prosecutions are preserved after the statute proscribing the offense has been amended or repealed. The part of the statute relied upon by the state provides: *"Except as provided under the provisions of § 40–35–117*, in the event the subsequent act provides for a lesser penalty, any punishment shall be in accordance with the subsequent act."* (emphasis added).

T.C.A. § 40–35–117(b) requires the sentencing to be in accordance with the 1989 Act, absent constitutional prohibition. In this regard, T.C.A. § 40–35–118 classifies aggravated kidnapping as Class A and states that the classifications in that sub-

section "shall be used for sentencing after November 1, 1989, if the offense was committed on or after July 1, 1982, and prior to November 1, 1989...." Clearly, T.C.A. § 40–35–118 controls sentencing in this case. The constitutional provision against ex post facto legislation would only come into play if the 1989 Act called for a harsher sentencing scheme than that available under the prior law.

At the time of the offenses in this case, a Range I offender was exposed to a sentencing range of twenty to forty years for aggravated kidnapping. T.C.A. § 39–2–301(c) (Supp.1988). The 1989 Act exposes a Range I, Class A felon to fifteen to twenty-five years. Thus, there is no bar to the defendant being considered for the full range of a Class A, Range I sentence for this offense. As to the rape, a Range I offender was previously exposed to a sentencing range of five to twelve years. T.C.A. § 39–2–604(b) (Supp.1988). Under T.C.A. § 40–35–118, rape is a Class B felony which carries, for Range I, a sentencing range of eight to twelve years. To insure that the defendant is not harmed by ex post facto legislation, he should be entitled to have his sentencing range to be five to twelve years for this offense.

At this point, the case will be reviewed for sentencing purposes. In conducting a review, this Court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and circumstances surrounding the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40–35–102, –103, and –210; *see State v. Moss*, 727 S.W.2d 229 (Tenn.1986). The issue of consecutive sentencing requires review under the standards provided in T.C.A. § 40–35–115.

■ The trial court was confronted with a thirty-two year old male with a ninth grade education who reported previously receiving psychiatric help and previously having an alcohol problem. The defendant was a carpenter, by trade. His criminal record reflected convictions for (1) receiving and concealing, receiving a three to five year suspended sentence (1977), (2) false imprisonment, receiving five years to serve (1980), and (3) escape, receiving one year to serve (1982).

As to criminal history, the record reflects that the 1980 Florida false imprisonment conviction arose from his abduction and sexual assault upon an eighteen year old woman. Also, there were pending charges of rape and aggravated kidnapping in another county for which the defendant had previously been convicted, but the convictions for which had been reversed by this Court because the Florida victim was improperly allowed to testify as to what the defendant did to her. *State v. Roger Clayton Davis*, 706 S.W.2d 96 (Tenn.Crim.App. 1985). The state advised the Court that, upon a retrial, the jury failed to return a verdict. Further, it stated that, after long discussions with the Monroe County victim, it was not going to pursue that case. Further, there was evidence that the defendant escaped from the Loudon County Jail in 1987.

The 1985 opinion of this Court recounts the testimony of the Monroe County and Florida victims. Their accounts as to abduction and being forced to perform fellatio are similar in many respects to the victim's ordeal in this case. Suffice it to say that the record adequately supports the trial court's determining that the existing enhancement factors, *see* T.C.A. § 40–35–114, greatly outweighed the mitigating factors, if applicable at all, claimed by the defendant to apply, i.e., that his conduct neither caused nor threatened serious bodily injury nor did he contemplate such. The defendant had a previous history of criminal convictions and behavior of such a nature and of such serious proportions as to justify, alone, substantially enhanced sentences. The defendant had a previous history of unwillingness to comply with conditions of a sentence involving release in the community. He possessed a deadly weapon during the commission of the offense

and threatened to kill the victim. The trial court, referring to the fact that the victim was bound and naked and that the defendant urinated in her mouth, determined that the victim was treated with exceptional cruelty.

These factors, given the circumstances of this case, apply to the aggravated kidnapping and to the rapes in such a fashion as to overcome the presumption of minimum sentences. T.C.A. § 40–35–210(c). Indeed, they justify a maximum sentence of twenty-five years for the aggravated kidnapping and twelve years for each rape.

▇ As to the sentences being consecutive, the trial court determined that the defendant's history of criminal conduct, *see* T.C.A. § 40–35–115(b)(2), and his dangerousness, *see* T.C.A. § 40–35–115(b)(4), warranted consecutive sentences. The defendant does not believe he is a dangerous offender. However, the record reflects the use of deadly weapons in the past, coupled with threats to his victims, in such a manner as to support the trial court's finding that the defendant had little regard for human life and no hesitation to commit crime when the risk to life was high.

▇ The primary complaint raised by the defendant is that his previous criminal history has been used both to enhance his sentences within the range and to justify consecutive sentencing. However, in *State v. Davis*, 757 S.W.2d 11 (Tenn.Crim.App. 1987), this Court rejected a similar argument. In reviewing sentences which were enhanced and required to be served consecutively, this Court, in *Davis*, noted that the 1982 Sentencing Act did not prohibit such consideration and that such sentences did not violate double jeopardy. The reasoning in *Davis* applies to the 1989 Act, as well. Nothing in the 1989 Act prohibits consideration of prior criminal convictions and conduct for both enhancement and consecutive sentencing purposes as long as those sentences comply with the purposes and principles of the 1989 Act. T.C.A. §§ 40–35–102 and –103. Consecutive sentences for all the offenses in this case are warranted.

Therefore, the sentence for aggravated kidnapping is modified to twenty-five years, Range I. The sentence for each of the rape convictions is modified to twelve years, Range I. All sentences are to run consecutively. The case is remanded to the trial court for entry of judgment consistent with this opinion.

WADE, J., and EDGAR P. CALHOUN, Special Judge, concur.