# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1998 SESSION



FILED

April 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | |
| | **)** | **C.C.A. NO. 02C01-9705-CR-00179** |
| Appellee, | **)** | |
| | **)** | **SHELBY COUNTY** |
| VS. | **)** | |
| | **)** | **HON. L.T. LAFFERTY,** |
| **IVORY THOMAS,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Especially aggravated robbery) |

FOR THE APPELLANT:        FOR THE APPELLEE:


**A C WHARTON, JR.**          **JOHN KNOX WALKUP**
Public Defender              Attorney General & Reporter

**TONY N. BRAYTON**          **JANIS L. TURNER**
Asst. Public Defender        Counsel for the State
201 Poplar, Suite 201        425 Fifth Ave., North
Memphis, TN 38103            Cordell Hull Bldg., Second Fl.
                             Nashville, TN  37243-0493

                             **JOHN W. PIEROTTI**
                             District Attorney General

                             **CHARLES BELL**
                             Asst. District Attorney General
                             201 Poplar, Suite 301
                             Memphis, TN 38103


OPINION FILED:_____


**CONVICTION AFFIRMED;**
**SENTENCE MODIFIED**


**JOHN H. PEAY,**
Judge

## O P I N I O N


The defendant was indicted in August 1995 on one count of especially aggravated robbery.[1] A jury found him guilty of the charged offense and the trial court sentenced him as a Range I standard offender to twenty-five years. In this appeal as of right, the defendant argues that the trial court erred in allowing testimony explaining the absence of a State witness. He further argues that his sentence is excessive. After a review of the record and applicable law, we affirm the defendant's conviction but modify his sentence to seventeen years.

Since the defendant does not challenge his conviction on a sufficiency basis, we will only briefly discuss the facts of this case. On May 2, 1995, the defendant and three other young men were riding in a stolen vehicle when they spotted the victim in this case, Adele Hall. Hall had been on her way home from a nearby grocery store. She parked her car in her driveway and as she was exiting her car, she was confronted by a young man with a gun. She was struck one time on the head with the gun, and her purse and car were stolen. At least one gun shot was fired at Hall's neighbors who were attempting to come to her aid. One of the other persons actually struck the victim and fired the shot.

On appeal, the defendant argues that the trial court erred in allowing Officer Eddie L. Perry to testify about a missing State witness. The State had planned to call Travis Young to testify about certain facts related to the defendant's flight from the police. Perry, a transportation officer with John S. Wilder Youth Center, testified that Young was

---

[1] The defendant was also indicted on charges of aggravated assault and theft of property. While the record does not include a copy of these indictments, the jury instructions reflect the additional charges. These charges were in connection with the one factual incident described in this opinion. Ultimately, the defendant was convicted of only one count, especially aggravated robbery.

being held at the center, which is a developmental facility for juvenile delinquents. Perry had been in charge of transporting Young to the courthouse to testify. When Perry and Young arrived at the courthouse, Perry opened the door of the vehicle, and Young jumped out of the vehicle and fled. Perry testified that Young had not been seen since despite the fact that Young had been wearing leg irons and a "belly chain" with handcuffs.

At trial, the State argued that Perry should be allowed to testify and explain the absence of Young. The State contended that in its opening argument it had referenced Young's expected testimony, and that without an explanation, the jury would be confused about Young's failure to testify. The trial court allowed the testimony under what the trial judge termed the "do-right rule for the benefit of the Court of Appeals." The defendant now argues that Perry's testimony was not relevant to the issues before the trial court and that allowing such testimony essentially denied the defendant his right to confront a witness called against him.

While we were unable to locate the specific terms of the "do-right" rule, we can find no harm suffered by the defendant in connection with this issue. Young had been expected to identify the defendant as one of the four men who fled on foot from the police. This testimony was related to a count of the indictment on which the defendant was ultimately acquitted. While the better course might have been for the trial court to simply inform the jury that Young was not available to testify due to no fault of the State, we cannot say that the defendant was harmed by allowing the jury to hear testimony about Young's escape. We further note that after hearing testimony about the escape, the jury was informed by the trial court that such testimony was only offered in order to explain why Young was not present. The court further instructed the jury not to draw an inference of guilt on behalf of the defendant due to Young's absence. In light of the fact

3

that the defendant was acquitted on the charge related to Young's testimony, we are at a loss to find any prejudice suffered by the defendant. While we are not convinced that the trial court erred in allowing testimony about Young's escape, we are entirely convinced that if error, it was most certainly harmless. Thus, we find this issue is without merit and affirm the conviction of the defendant.

The defendant next argues that the trial court erred by sentencing him to twenty-five years, the maximum sentence. He argues that the sentence is excessive and that the trial court erroneously applied enhancement factors as well as failed to apply certain mitigating factors.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentenc-
> ing hearing; (2) [t]he presentence report; (3) [t]he principles of
> sentencing and arguments as to sentencing alternatives; (4)
> [t]he nature and characteristics of the criminal conduct
> involved; (5) [e]vidence and information offered by the parties
> on the enhancement and mitigating factors in §§ 40-35-113
> and 40-35-114; and (6) [a]ny statement the defendant wishes

4

to make in his own behalf about sentencing.

T.C.A. § 40-35-210.

In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." T.C.A. § 40-35-210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40-35-210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

In this case, the trial court applied the following enhancement factors from T.C.A. § 40-35-114: that the victim was particularly vulnerable because of age (4); that the defendant treated or allowed the victim to be treated with exceptional cruelty during the offense (5); and that the defendant possessed or employed a firearm during the offense

5

(9).[2]  The defendant asserts that all three factors were applied in error and that his sentence of twenty-five years is excessive.  The State's brief made little mention of how the factors applied, rather it made a conclusory statement that the sentence was appropriate.

First, the defendant argues that the trial court erred in applying factor four, that the victim was particularly vulnerable.  In State v. Adams, 864 S.W.2d 31 (Tenn. 1993), the Supreme Court analyzed enhancement factor four and concluded that "the vulnerability enhancement relates more to the natural physical and mental limitations of the victim than merely to the victim's age."  The Court further explained that "particularly vulnerable" victims would include those who were incapable of resisting, of summoning help, or of testifying against the offender.  Adams, 864 S.W.2d at 35.  It is the burden of the State to prove that the victim's limitations made her particularly vulnerable.

The record in this case is absolutely devoid of any information regarding the victim's vulnerability.  The State did not even question her as to her age.  While the pre-sentence report did reflect that the victim was seventy-six years old, the State presented no evidence that she was particularly vulnerable.  See State v. Poole, 945 S.W.2d 93 (Tenn. 1997)(finding that the State did not carry its burden in proving seventy-year-old victim was particularly vulnerable).  In fact, this victim did summon help from her neighbor and she did testify against the defendant.  We find nothing in the record to suggest that this victim was particularly vulnerable.  Thus, enhancement factor four should not have been applied to enhance the defendant's sentence.

The defendant next contends that factor five, that the defendant treated or

_____

[2]Actually it appears from the record that the trial judge only found factors 4 and 5 to be applicable but because of an error in the transcript, there is a finding of factors "four and nine."

6

allowed the victim to be treated with exceptional cruelty, should not have been applied. The defendant claims that this factor is an element of the offense of especially aggravated robbery. The Supreme Court, however, has held otherwise. In State v. Poole, the Court determined that "proof of serious bodily injury, which is an element of especially aggravated robbery, does not necessarily establish the enhancement factor of 'exceptional cruelty.'" 945 S.W.2d at 98. Exceptional cruelty may exist in cases where the evidence "'demonstrates a culpability distinct from and appreciably greater than that incident to' the crime of especially aggravated robbery." Poole, 945 S.W.2d at 99, quoting State v. Jones, 883 S.W.2d 597, 603 (Tenn. 1994). It is the duty of the trial court to state what specific actions by the defendant, apart from the elements of the offense, constituted exceptional cruelty. State v. Goodwin, 909 S.W.2d 35, 45-46 (Tenn. Crim. App. 1995).

In this case, the trial court failed to state what actions by the defendant constituted this enhancement factor. Rather, the trial judge simply stated, "Now, I find number five. Took a pistol up there and the woman was pistol-whipped. And I can't be divorced from the fact that pistol shots were fired at other individuals who were in the vicinity."

The "exceptional cruelty" factor has generally been applied in cases of abuse or torture. State v. Davis, 825 S.W.2d 109, 113 (Tenn. Crim. App. 1991). While we do not deny the serious nature of the injuries suffered by the victim as a result of being hit over the head with a pistol by her attacker, we cannot conclude that such actions constitute a case of abuse or torture.[3] The entire incident lasted a very brief time; the victim was hit one time on the head by someone other than the defendant, and her car was stolen. She was not subjected to further abuse after being hit on the head, rather her

---

[3] We note that the serious bodily injury suffered by the victim has already been accounted for in the charge of especially aggravated robbery.

7

attackers immediately fled the area. Nor was she left in such a state that she could not summon help. As we noted earlier, the victim walked to her neighbor's house in order to obtain assistance. Furthermore, we fail to see the connection between the fact that a shot was fired at a neighbor and the application of this enhancement factor. Thus, we conclude that the trial court erred when it applied factor five to this defendant.

The defendant next challenges the application of factor nine, that the defendant possessed or employed a firearm. The State concedes that this factor is an element of the offense of especially aggravated robbery, and thus, does not apply. State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995). However, the State suggests the application of factor ten, that the defendant had no hesitation about committing a crime when the risk to human life was high. The State's suggestion is misplaced. This Court has previously held that factor ten is an element of especially aggravated robbery because there is "necessarily a high risk to human life and the great potential for bodily injury whenever a deadly weapon is used." Nix, 922 S.W.2d at 903. Thus, factor ten is also inapplicable.

While we have determined that the above enhancement factors were erroneously applied, we find that enhancement factor one does apply. This factor states that the defendant has a previous history of criminal behavior or criminal convictions in addition to that necessary to establish the appropriate range. As an adult, this defendant has been convicted of criminal trespassing and possession of a controlled substance. As a juvenile, he was arrested for at least three offenses which resulted in his being warned and referred to a community service program. This previous history of criminal behavior, including that while a juvenile, may be taken into account in determining an appropriate sentence. State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993). Thus, the trial court should

8

have considered this factor.

Because the defendant committed this offense prior to the amendment of T.C.A. § 40-35-210, the minimum sentence is the presumptive sentence. The amended statute provides that for Class A felonies committed after July 1, 1995, the presumptive sentence will be the midpoint in the range. The defendant committed the instant offense on May 2, 1995, therefore, the presumptive sentence is the minimum. As noted above, we have determined that one enhancement factor, the defendant's history of criminal behavior and convictions, applies. Furthermore, our review of the record affirms the trial court's refusal to apply any mitigating factors to this defendant. Thus, we feel it appropriate to enhance the defendant's sentence two years beyond the presumptive sentence. The defendant's sentence is modified to reflect a sentence of seventeen years.

For the foregoing reasons, we affirm the conviction of the defendant but modify his sentence to seventeen years.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH B. JONES, Judge

_____
THOMAS T. WOODALL, Judge