# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 9, 2003 Session

## STATE OF TENNESSEE v. HOLLY FANT

**Appeal from the Circuit Court for Gibson County**
**No. 16030     Clayburn Peeples, II, Judge**

_____

**No. W2003-00211-CCA-R3-CD  - Filed January 14, 2004**

_____

GARY R. WADE, P.J., concurring.

I agree that the defendant's sentence should be affirmed.  In my view, however, it was error for the trial court to apply enhancement factor (6), that the defendant treated the victim with exceptional cruelty.  See Tenn. Code Ann. § 40-35-114(6).  Application of this factor requires a finding of cruelty over and above that inherently attendant to the crime for which the defendant is convicted.  State v. Embry, 915 S.W.2d 451, 456 (Tenn. Crim. App. 1995).  In other words, such evidence must "denote[ ] the infliction of pain or suffering for its own sake or from the gratification derived therefrom, and not merely pain or suffering inflicted as the means of accomplishing the crime charged."  State v. Kelly Haynes, No. W1999-01485-CCA-R3-CD (Tenn. Crim. App., at Jackson, Mar. 14, 2000).  Enhancement factor (6) has typically been applied in situations where the victim was tortured or abused.  See State v. Davis, 825 S.W.2d 109, 113 (Tenn. Crim. App. 1991).  This court has upheld the application of this factor based on proof of extensive physical abuse or torture, see State v. Williams, 920 S.W.2d 247, 259 (Tenn. Crim. App. 1995), as well as proof of psychological abuse or torture, see State v. Thomas Lebron Mills and Carl Franklin Mills, No. 936 (Tenn. Crim. App., at Knoxville, Dec. 19, 1985) (holding that acts of mental cruelty, by themselves, can be as vicious and scarring as acts of physical cruelty).  Here, there is no evidence that the defendant tortured or abused the victim or that she inflicted pain and suffering greater than that necessary to complete the offense.  Rather, after shooting the victim, the defendant dialed 911 and waited with him until emergency assistance arrived.  Nevertheless, I concur with the majority that the four-year sentence, one year above the minimum, was warranted.

_____
GARY R. WADE, PRESIDING JUDGE