# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH 1998 SESSION

FILED

April 7, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9705-CR-00173 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN, |
| SAMUEL MYRON CARTER, JR., | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**THERESA W. DOYLE**
211 Printers Alley Building
Suite 400
Nashville, TN 37201-1414

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**JAMES W. MILAM**
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant appeals the trial court's order imposing consecutive sentences. The issue was previously remanded to the trial court for the limited purpose of determining the statutory basis for consecutive sentencing. After a brief hearing, the trial court again imposed consecutive sentences. The judgment of the trial court is affirmed.

## PROCEDURAL HISTORY

The defendant was convicted of two (2) counts of selling .5 grams or more of cocaine, Class B felonies. The trial court sentenced the defendant as a Range II, Multiple Offender, to consecutive sixteen (16) year sentences. The sentences were also ordered to be served consecutively to another sentence for which the defendant was on parole at the time of the instant offenses.

The defendant appealed as of right to this Court. We affirmed the convictions, but remanded to the trial court to decide the statutory basis for consecutive sentencing. State v. Samuel Myron Carter, Jr., C.C.A. No. 01C01-9412-CR-00411, Davidson County (Tenn. Crim. App. filed May 24, 1996, at Nashville). Upon remand, the trial court again imposed consecutive sentences.

## STANDARD OF REVIEW

This Court's review of the sentences imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96

2

(Tenn. 1997).

## CONSECUTIVE SENTENCING

When a defendant is convicted of two (2) or more criminal offenses, the trial court has the option of ordering the sentences be served consecutively if statutory criteria are met. *See* Tenn. Code Ann. § 40-35-115. In the instant case, the trial court upon remand ruled consecutive sentences were warranted as it found the defendant an offender whose record of criminal activity was extensive. Tenn. Code Ann. § 40-35-115 (b)(2).

The trial court noted the numerous prior convictions of the defendant. These included possession of a controlled substance with intent to sell, grand theft, theft, a weapons violation, two (2) criminal trespass convictions, and possession of cocaine. These convictions span a period of approximately ten years. The defendant's record of previous convictions is comparable to others who have received consecutive sentences. *See* State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)(finding two (2) drug convictions and two (2) weapons convictions a sufficient record to support consecutive sentencing). We find defendant's record of criminal activity is extensive enough to satisfiy the statutory provision for ordering consecutive sentences. Tenn. Code Ann. § 40-35-115 (b)(2).

The defendant raises the issue that he has already received an enhanced sentence for his prior convictions. This Court has held repeatedly that using the same convictions for both enhancement and consecutive sentencing purposes is permissible. State v. Meeks, 867 S.W.2d 361, 377 (Tenn. Crim. App. 1993); State v. Davis, 825 S.W.2d 109, 113 (Tenn. Crim. App. 1991).

This Court further finds that the terms imposed by the trial court are reasonably related to the severity of the offenses committed, they are necessary to protect the public from further criminal acts by the defendant, and they are congruent with the general principles of sentencing. State v. Wilkerson, 905

3

S.W.2d 933, 938 (Tenn. 1995). These offenses were committed while the defendant was on parole. The instant offenses involved large sales of cocaine, twelve (12) grams in one instance and thirteen (13) grams in another. Each sale was preceded by the buyer paging the defendant. In common language, the defendant was a drug dealer who practiced his trade while on parole. The consecutive sentences are appropriate for the defendant.

For the reasons stated above, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**DAVID H. WELLES, JUDGE**