IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 19, 2017 Session

## STATE OF TENNESSEE v. JOSHUA THIDOR CROSS

**Appeal from the Criminal Court for Knox County**
**No. 107165      G. Scott Green, Judge**

_____

### No. E2017-00572-CCA-R3-CD

_____

The State of Tennessee appeals the Knox County Criminal Court's imposition of an eleven months, twenty-nine days' confinement at 75% service for theft of property valued at more than $500 but less than $1000. *See* T.C.A. §§ 39-14-103 (2014) (theft); 39-14-105 (2014) (amended 2017) (grading of theft). On appeal, the State contends that the trial court erred by sentencing the Defendant pursuant to the amended version of the grading of theft statute that became effective after the commission of the offense. However, we have concluded that this court lacks jurisdiction to consider the issue because no appeal of right lies for the State pursuant to Tennessee Rule of Appellate Procedure 3 or Tennessee Code Annotated section 40-35-402. As a result, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Jeffery D. Zentner, Assistant Attorney General; Charme Allen, Assistant Attorney General; and Kyle Hixson, Assistant District Attorney General, for the appellant, State of Tennessee.

Mark E. Stephens, District Public Defender; Jonathan Harwell, Assistant District Public Defender (on appeal); Chris Irwin, Assistant District Public Defender (at trial), for the appellee, Joshua Thidor Cross.

### OPINION

This case relates to the Defendant's December 1, 2016 guilty plea to two counts of theft of property valued at more than $500 but less than $1000. *See id*. §§ 39-14-103; 39-14-105. The two counts merged into a single count of theft by operation of law.

Pursuant to the plea agreement, the trial court determined the length of the Defendant's sentence at a sentencing hearing.

## Guilty Plea Proceedings

At the guilty plea hearing, the State's recitation of the facts was as follows:

Your Honor, if we were called to trial in this case we would call the witnesses listed in the indictment including the victim, Ronnie Moffett. He would testify that on June 3, 2015[,] . . . [the Defendant] was at his home here in Knox County, Tennessee. [Mr. Moffett would testify] that [the Defendant] took a crossbow and a knife [from] Mr. Moffett's vehicle without his consent. Proof would further show that on the next day [the Defendant] pawned the crossbow at a pawn shop in LaFollette. The value of the crossbow and the knife would be proven to be $855.00.

The State presented the plea agreement to the trial court and the following exchange occurred:

[THE STATE]: Judge, [the Defendant] is charged in a two count indictment in docket number 107165. These two counts are alternate counts –

THE COURT: Okay.

[THE STATE]: [O]f theft over $500.00 but less than $1,000.00 occurring on . . . [June 3, 2015], a class E felony. [The Defendant] will be pleading guilty to the indictment with no sentencing agreement.

THE COURT: Well, let's just put – he's pleading to one and then two would merge.

. . .

[COUNSEL]: Your Honor, we're not agreeing as to the characterization of the pleading to an E felony, it's our position that this is properly a misdemeanor.

THE COURT: Okay. He's pleading to theft. He's pleading to an amount in excess of [$]500 but less than [$]1,000, and then it will be up to the Court to determine what the appropriate sentence is, whether that's a felony conviction or a misdemeanor conviction when we come back for sentencing.

The court discussed the plea agreement with the Defendant and the following exchange occurred:

> THE COURT: I will say this and I'm certain your lawyer has told you this already, you are charged with what's known as a class E felony. Class E felonies carry a punishment range between one and six years. Effective January [1, 2017,] the punishment for a theft of less than $1,000.00, which is the way this indictment reads, becomes a Class A misdemeanor. This Court has ruled, based on some legal arguments in the past, that that statute applies for punishment purposes to someone in your situation.
>
> However, you need to understand that the Court – the State is going to be urging this Court to sentence you as a felon for a class E felony conviction, and the State will – I'm assuming if this Court rules that this is a sentence for a misdemeanor in one or both of these counts, they may appeal this to the Court of Criminal Appeals if they disagree with me; do you understand that?
>
> DEFENDANT: Yes.

The trial court informed the Defendant of the constitutional rights he waived by pleading guilty. When asked if the Defendant waived those rights, the Defendant answered, "Yes." The Defendant said that he was satisfied with his representation and that he did not have any questions for the court.

### Sentencing Hearing Proceedings

At the February 24, 2017 sentencing hearing, the following exchange occurred:

> THE COURT: He's pled guilty to theft in excess of $500.00, the law has changed effective January [1, 2017] making a theft of less than $1,000.00 a misdemeanor. This [c]ourt has consistently held and interpreted [Tennessee Code Annotated section] 39-11-112 . . . [which gives the Defendant] the benefit of the lesser punishment.
>
> [COUNSEL]: Yes, your Honor.
>
> [THE STATE]: The State would just note its objection.

The court sentenced the Defendant to eleven months, twenty-nine days' confinement at 75% service. This appeal followed.

The State contends that the trial court erred in sentencing the Defendant pursuant to the amended version of Tennessee Code Annotated section 39-14-105. The State argues that the amendment redefined the elements constituting an offense of theft. The State asserts that the Defendant pleaded guilty to theft of property valued at more than $500 but less than $1000, an offense which no longer exists under the amended statute. The State argues that the case should be remanded to the trial court for sentencing the Defendant for a Class E felony. The Defendant responds that the court did not err in sentencing because the amendment to the theft statute merely reclassified the offense from a felony to a misdemeanor and that he is entitled to the lesser punishment under the "general savings statute" codified in Tennessee Code Annotated section 39-11-112 (2014). *See State v. Davis*, 825 S.W.2d 109, 111 (Tenn. Crim. App. 1991).

As a preliminary matter, this court must first determine whether it has acquired jurisdiction to consider the issue raised on appeal. At common law, the State was not afforded the right to appeal in criminal cases. *State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008). "Later, many state legislatures and Congress granted to the prosecution limited rights of appeal via specific constructional or statutory provisions." *State v. Keanest D. Whitson*, E2010-00408-CCA-R3-CD, 2011 WL 2555722 at *4 (Tenn. Crim. App. June 28, 2011). When determining whether the State has a right to appeal, we must note that the legislature "clearly contemplated . . . that the [prosecution] would be completely unable to secure review of some orders having a substantial effect on its ability to secure criminal convictions." *Id*. (quoting *Will v. United States*, 389 U.S. 90, 98 n.5 (1957)). "When a statute affords a state or the United States the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute." *Meeks*, 262 S.W.3d at 718; *see Carroll v. United States*, 354 U.S. 394, 400 (1957). If the text of a statute is "clear and unambiguous, we need not look beyond the plain language of the text to ascertain its meaning." *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017).

The State filed a notice of appeal under Tennessee Code Annotated section 40-35-402, which provides that the State has a right to appeal a defendant's sentence in limited circumstances. The statute provides, in relevant part:

> (a) The district attorney general in a criminal case may appeal from the length, range or manner of the service of the sentence imposed by the sentencing court. The district attorney general may also appeal the imposition of concurrent sentences. In addition, the district attorney general may also appeal the amount of fines and restitution imposed by the sentencing court. An appeal pursuant to this section shall be taken within the same time and in the same manner as other appeals in criminal cases. The right of the appeal of the state is independent of the defendant's right of appeal.

(b) An appeal from a sentence is limited to one (1) or more of the following conditions:

> (1) The court improperly sentenced the defendant to the wrong sentence range;
>
> (2) The court granted all or part of the sentence on probation;
>
> (3) The court ordered all or part of the sentences to run concurrently;
>
> (4) The court improperly found the defendant to be an especially mitigated offender;
>
> (5) The court failed to impose the fines recommended by the jury;
>
> (6) The court failed to order the defendant to make reasonable restitution; or
>
> (7) The sentence is inconsistent with the purposes or considerations of sentencing set out in §§ 40-35-102 and 40-35-103.

*Id*. § 40-35-402 (a)-(b). The State has not appealed a probationary sentence, a concurrent sentence, or a finding that the Defendant is a mitigated offender. Likewise, the State has not appealed the court's failure to impose fines or restitution and has not claimed that the court failed to sentence the Defendant in accordance with Tennessee Code Annotated sections 40-35-102 and 40-35-103. Therefore, the only remaining statutory basis allowing the State to appeal is whether the court improperly sentenced the Defendant to the wrong sentence range.

The State frames the issue on appeal as whether the trial court erred during sentencing by applying the amended Code version of 39-14-105. The State argues that the amendment redefined the elements of theft and that the amendment did not merely modify the offense from a Class E felony to a Class A misdemeanor. Therefore, the State does not contend that the court sentenced the Defendant to an improper sentencing range.

> Sentencing range and offense class are not the same. Both offenses, *see* T.C.A. § 40-35-110, and offenders, *see id*. § 40-35-105 to -109, are classified by the legislature, and the Code then provides a range of punishment for each combination of offense and offender class. *See id*. 40-35-112.

*State v. Charles Keese*, E2016-02020-CCA-R3-CD, 2018 WL 1353697 at *4 (Tenn. Crim. App. Mar. 15, 2018). "The amendment to Code section 39-14-105 altered only the

relationship between the value of property taken during a theft and the class of the resulting offense. The amendment did not alter the law setting sentencing ranges." *State v. Matthew Eugene Tolle*, E2017-00571-CCA-R3-CD, 2018 WL 16616161 at \*4 (Tenn. Crim. App. Mar. 19, 2018). Therefore, we conclude that the State has no statutory right to appeal pursuant to Code section 40-35-402.

Tennessee Rule of Appellate Procedure 3(c) also grants the State the right to appeal a criminal case in limited circumstances:

> In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding, from an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final order on a request for expunction.

T.R.A.P. 3(c). The record reflects that the substantive effect of the Defendant's sentence did not result in a dismissal of an indictment, information, or complaint. Likewise, the State has not appealed an order arresting judgment or the trial court's decision to grant or deny probation, and the court did not remand a child to juvenile court. This appeal does not arise from a "final judgment in a habeas corpus, extradition, or post-conviction proceeding." Therefore, we conclude that the State does not have an appeal as of right in this case pursuant to Tennessee Rule of Appellate Procedure 3. We note that an interlocutory appeal is not applicable in this case. *See* T.R.AP. 9, 10.

The only other avenue which might provide the State standing to appeal is if this court treats the appeal as a writ of certiorari. "A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the reviewing court can ascertain whether the inferior tribunal has exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *State v. Lane*, 254 S.W.3d 349, 354 (Tenn. 2008). A common law writ of certiorari is of "ancient origin and has been characterized as extraordinary, remedial, revisory, supervisory, and prerogative." *State v. Johnson*, 569 S.W.2d 808, 812 (Tenn. 1978). Our legislature codified the common law writ of certiorari in Tennessee Code Annotated section 27-8-101, which provides the following:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally,

when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

T.C.A. § 27-8-101. This court cannot grant a petition for a writ of certiorari to inquire into the correctness of trial court's decision, reweigh the evidence, or substitute their judgment for the trial court. *Lane*, 254 S.W.3d at 355. Instead, this court should only grant a writ of certiorari to correct "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." *Id*. (citing *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003).

The record does not reflect that the trial court exceeded its jurisdiction or acted illegally in sentencing the Defendant. A sentencing hearing was held consistent with the laws and principles of sentencing, and both parties participated meaningfully in the hearing. Finally, the court's decision to sentence the Defendant pursuant to the amended statutory grading of theft statute is not a plain and palpable abuse of discretion. Therefore, we decline to treat the State's appeal as a common law writ of certiorari.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE