IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 5, 2018

**ANMICHAEL LEONARD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 13-03635      Chris Craft, Judge

_____

**No. W2017-01865-CCA-R3-PC**

_____

Petitioner, Anmichael Leonard, appeals from the denial of his petition for post-conviction relief. Petitioner was convicted by a Shelby County Criminal Court jury of theft of property valued at $1000 or more but less than $10,000, identity theft, and fraudulent use of a credit card. The trial court sentenced Petitioner to an effective sentence of twenty-four years in confinement. A panel of this court affirmed Petitioner's convictions on direct appeal. *State v. Anmichael Leonard*, No. 2015-01313-CCA-R3-CD, 2016 WL 1446440 (Tenn. Crim. App. Apr. 12, 2016), *perm. app. denied* (Tenn. Aug. 19, 2016). Petitioner filed a timely petition for post-conviction relief, alleging that his trial counsel provided ineffective assistance. Following an evidentiary hearing, the post-conviction court denied relief. Having reviewed the record and the briefs of the parties, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, Anmichael Leonard.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Abby Wallace, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts*

      The facts underlying Petitioner's convictions were set forth fully in this court's opinion on direct appeal. *State v. Leonard*, 2016 WL 1446440, at *1-5. In summary,

Darin Pettit, his wife, and their son were visiting Memphis to participate in the St. Jude marathon. On December 4, 2011, several personal items, including their iPhones and Ms. Pettit's purse, were stolen from their hotel room. Mr. Pettit reported the missing items to hotel security, and hotel security contacted the police. Mr. Pettit estimated the total value of the missing items between $1200 and $1300. A tracking application on one of the victim's cell phones identified the location of the phone at a nearby Kroger. The police told Mr. Pettit that they were unable to respond to the location. The location of the cell phone then moved to an address associated with a bail bonding company. The police again were unable to respond to the location. Mr. Pettit, his family, and Douglas McDaniel, a co-worker who was staying at the same hotel as the Pettits, drove to that address.

Mr. Pettit observed Petitioner walking down the street wearing a red baseball cap that Mr. Pettit identified as belonging to Mr. Pettit's son. Petitioner was carrying a black garbage bag over his shoulder. Police officers subsequently arrived and confronted Defendant. The stolen items were recovered from the black garbage bag, as well as "various perishable goods," including shrimp. Several unauthorized charges had been made using Ms. Pettit's debit card and credit card, including charges at Kroger. At the time of Petitioner's arrest, he had a Kroger receipt in his hand. The receipt was dated December 4, 2011, and it reflected a purchase of shrimp, catfish, and ground beef. The receipt also reflected that the purchase was made using a debit card with the same last four digits as Ms. Pettit's stolen card.

### Post-conviction hearing

Trial counsel testified that he had worked as an assistant public defender since 1989. Trial counsel testified that because of Petitioner's prior criminal record, the trial court was required to sentence him to the maximum sentence of twelve years to be served at 60 percent. Trial counsel argued in favor of concurrent sentencing; however, the trial court ordered Petitioner's sentences for his two felony convictions run consecutively.

Trial counsel testified that the victim, Mr. Pettit, and Mr. McDaniel were investigators for the Missouri Department of Conservation. Trial counsel testified that he "never considered [the victim's occupation] relevant or irrelevant." Trial counsel "saw no harm" in such testimony, and therefore he did not object to it. Trial counsel testified that he filed a motion in limine, which was denied, seeking to exclude testimony that the reason the victims were in Memphis was to run in the St. Jude marathon. Trial counsel testified that he did not think that such information would have any impact on the jurors, but he argued in the motion the possible prejudicial effect on Petitioner or possible positive effect on the victims.

*Analysis*

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. *Id*. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. *Id*. at 457.

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006) (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner successfully demonstrates deficient performance when the petitioner establishes that his attorney's conduct fell "below an objective standard of reasonableness under prevailing professional norms." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 688; *Baxter*, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. at 370 (quoting *Strickland*, 466 U.S. at 694). Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

*Id*. at 370 (citing *Strickland*, 466 U.S. at 697).

Petitioner asserts that trial counsel was ineffective for failing to object to the victim's testimony that he was an investigator for the Missouri Department of

Conservation. Petitioner argues that the impact of such evidence "was to harm [Petitioner] by creating sympathy for the victim and prejudice against [Petitioner]." Petitioner further asserts, "[t]his information, when taken with the information that the victim was [in Memphis] for the [St.] Jude marathon, created a scenario to where it was impossible for [Petitioner] to receive a fair trial." We disagree. The post-conviction court found that the victim "was not a member of law enforcement, and although the victim was in town to run the St. Jude marathon in honor of a child who died of leukemia," trial counsel successfully moved to exclude any mention of the deceased child by arguing that the evidence was not relevant and would invoke sympathy for the victim. The post-conviction court concluded that Petitioner failed to prove that he was prejudiced by counsel's alleged deficiencies. Trial counsel testified that there was no reason to object to the victim's testimony that he worked for the Missouri Department of Conservation. Counsel explained that the victim was not a law enforcement officer and that inquiry into a witness's employment is normal practice by both prosecutors and defense attorneys. We conclude that the evidence does not preponderate against the post-conviction court's findings. Accordingly, Petitioner is not entitled to relief on this issue.

Petitioner also argues that the trial court abused its discretion in ordering consecutive sentencing and that the trial court violated his constitutional protection against double jeopardy when it used his prior criminal record to both classify him as a career offender and to order consecutive sentencing. The State argues that Petitioner has waived this issue, as well as any resulting due process violations, by failing to raise the issue in a motion for new trial or on direct appeal.

In its written order denying relief, the post-conviction court reiterated that consecutive sentencing in this case was "justified due to [Petitioner's] being a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood, and that he was an offender whose record of criminal activity was extensive." The post-conviction court found that "[n]o proof was offered at the hearing on this petition that the presentence report was inaccurate, [or] that th[e trial] court failed to consider any fact it should have or considered any fact that was not appropriate." We agree with the post-conviction court's conclusions.

The Post-Conviction Procedure Act states that a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d). Bare allegations that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. *See id*. Furthermore, the petitioner's "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." *Id*. Tennessee Code Annotated section 40-30-106(g) explains when a Petitioner's claims have been waived:

(g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

T.C.A. § 40-30-106(g).

Here, Petitioner failed to present this claim on direct appeal, the claim is not based upon a constitutional right not recognized at the time of trial, and Petitioner's failure to present the claim on direct appeal did not result from state action. Furthermore, Petitioner's double jeopardy claim is without merit. "[T]he procedure complained of is mandated by the relevant sentencing statutes." *State v. Tiffany Davis*, No. M2010-01779-CCA-R3-CD, 2012 WL 1372078, at *21 (Tenn. Crim. App. Apr. 18, 2012), *perm. app. denied* (Tenn. Aug. 15, 2012); *see* T.C.A. §§ 40-35-108(a)(1); 40-35-115(b)(2). This court has repeatedly affirmed the principle that a trial court may consider a defendant's previous felony convictions to determine both the range and length of a sentence and to impose consecutive sentencing. *See State v. Meeks*, 867 S.W.2d 361, 377 (Tenn. Crim. App. 1993); *State v. Davis*, 825 S.W.2d 109, 113 (Tenn. Crim. App. 1991); *see also State v. Willie Price*, No. W2009-00083-CCA-R3-CD, 2010 WL 376625, at *14 (Tenn. Crim. App. Feb.3, 2010), *perm. app. denied* (Tenn. June 17, 2010). Petitioner is not entitled to relief on this issue.

Finally, other claims in Petitioner's brief include, "the trial court abused its discretion when it failed to factor in that Darin Petitt [sic] was the owner of the property taken; that the victims were married; and that [Petitioner] was denied a concurrent sentence because he was a career offender." Petitioner also asserts that the trial court abused its discretion by failing to consider Petitioner's eligibility for Community Corrections. To the extent that these claims relate to trial counsel's effectiveness, Petitioner did not present any evidence of these claims at the post-conviction hearing. Trial counsel was the only witness called by Petitioner at the evidentiary hearing. As the post-conviction court noted in its order denying relief, "no witnesses, theories or other challenges were suggested in his testimony that might have been offered to benefit the petitioner but were not." To the extent that Petitioner is raising these alleged errors at

trial for the first time in this post-conviction proceeding, Petitioner has waived these claims by failing to raise them in his direct appeal. *See* T.C.A. § 40-30-106(g). Defendant is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE