# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

Assigned on Briefs December 9, 2014

## STATE OF TENNESSEE v. DAVID A. BRIMMER

**Appeal from the Circuit Court for Anderson County**
**No. B4C00252     Donald Ray Elledge, Judge**

---

**No. E2014-01393-CCA-R3-CD - Filed December 18, 2014**

---

In 1999, Appellant, David A. Brimmer, pled guilty to aggravated kidnapping in relation to the October 1989 disappearance and death of the victim, for which he had been previously found guilty of first degree murder and sentenced to death. His death sentence was remanded by this Court. *See Brimmer v. State*, 29 S.W.3d 497 (Tenn. Crim. App. 1998). At resentencing, Appellant agreed to plead to aggravated kidnapping as a Class A felony with a sentence of 60 years to be served at 100%, consecutively to a life sentence for first degree murder, in exchange for the State not seeking the death penalty. Appellant subsequently filed a petition to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1, alleging that his sentence for aggravated kidnapping is in contravention of the 1989 Sentencing Reform Act. The trial court summarily dismissed the petition for failing to state a colorable claim. Upon our review of the record and applicable authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ALAN E. GLENN, J., joined.

David A. Brimmer, pro se, Mountain City, Tennessee.

Herbert H. Slatery III, Attorney General & Reporter; Lacy Wilber, Senior Counsel; David S. Clark, District Attorney General; and Sandra N.C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee

## OPINION

*Factual and Procedural Background*

Appellant's case has had a relatively long and complicated procedural history, which was succinctly set forth by this Court in our most recent opinion:

> This case arises from the October 22, 1989 disappearance and death of Rodney Compton. In 1991, an Anderson County Circuit Court jury convicted [Appellant] of first degree murder and sentenced [Appellant] to death. The supreme court affirmed [Appellant's] conviction and death sentence on direct appeal. *State v. Brimmer*, 876 S.W.2d 75 (Tenn. 1994). [Appellant] filed a timely petition for post-conviction relief that was denied by the trial court. On appeal, however, this [C]ourt granted [Appellant] a new sentencing hearing based upon counsels' ineffective assistance relative to the presentation of mitigating evidence. *Brimmer v. State*, 29 S.W.3d 497, 522 (Tenn. Crim. App. 1998).
>
> On May 7, 1999, [Appellant] pleaded guilty by information to one count of aggravated kidnapping, receiving an agreed sentence of 60-years' incarceration to be served as a violent offender consecutively to a life sentence in the first degree murder case in exchange for the State's agreeing not to seek the death penalty at the resentencing hearing. [Appellant] then filed a petition for post-conviction relief, which the trial court denied, challenging the voluntariness of the guilty plea as well as the legality of sentence imposed. This [C]ourt affirmed the trial court's denial of relief. *David Brimmer v. State*, E2005-02328-CCA-R3-PC, [2006 WL 3455219] (Tenn. Crim. App. Nov. 30, 2006), *perm. app. denied* (Tenn. Apr. 23, 2007).[1]
>
> On May 8, 2013, [Appellant] filed a petition for writ of habeas corpus alleging that the judgment of conviction for aggravated kidnapping is void because the 60-year sentence was not an available sentence at the time of the offense. On July 29, 2013, the trial court summarily denied habeas corpus relief. [Appellant] filed a timely notice of appeal on August 28, 2013. On appeal, [Appellant] asserts that his sentence is illegal because it was not an available sentence at the time of the offense—October 22, 1989.

---

[1]This Court declined to address Appellant's post-conviction claims on the merits because of a lack of argument and authority in his appellate brief as well as an inadequate appellate record. *David Brimmer v. State*, 2006 WL 3455219, at *2.

*David Allen Brimmer v. David Sexton, Warden*, E2013-01987-CCA-R3-HC, 2014 WL 1759096, at *1 (Tenn. Crim. App. Apr. 30, 2014) (memorandum opinion) (footnote added). This Court affirmed the denial of habeas corpus relief, holding that Appellant's sentence was not illegal under Tennessee Code Annotated section 40-35-117.[2] *Id*. at *2.

On June 24, 2014, Appellant filed a pro se motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. Appellant argues that his sentence of 60 years for aggravated kidnapping is illegal because aggravated kidnapping is a Class B felony for which the sentence cannot exceed 30 years. On July 9, 2014, the trial court entered an order denying the motion without appointing counsel or holding a hearing. Appellant filed a timely notice of appeal.

*Analysis*

Rule 36.1 of the Tennessee Rules of Criminal Procedure became effective on July 1, 2013. It provides a mechanism for the correction of an illegal sentence, defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). A defendant is only entitled to the appointment of counsel and a hearing "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). Because Rule 36.1 does not provide a definition for a "colorable claim," this Court has adopted the definition available for post-conviction proceedings: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)) (alteration in original).

In this case, Appellant has not stated a colorable claim for relief. As noted in our previous opinion, Tennessee Code Annotated section 40-35-117 provides, "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions [of the 1989 Sentencing Reform Act]." *David Allen Brimmer*, 2014 WL 1759096, at *2 (alteration in original). The Sentencing Commission's Comments to that section explain that "[f]elony offenses in existence prior to November 1, 1989, are classified in § 40-35-118." T.C.A. § 40-35-117, Sent'g Comm'n Cmts. Under Tennessee Code Annotated section 40-35-118, an aggravated kidnapping committed prior to November 1, 1989 is classified as a Class A felony. The sentencing range for Class A felonies is between 15 and 60 years. T.C.A. § 40-35-112.

---

[2]"Unless prohibited by the United States or Tennessee constitutions, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982, and November 1, 1989, shall be sentenced under the provisions of this chapter." T.C.A. § 40-35-117(b).

Appellant's sentence is within that range and is, therefore, not illegal.

Appellant argues that, at the time he pled guilty in 1999, aggravated kidnapping was classified as a Class B felony with a maximum sentence of 30 years, *see id.*, and that this classification should apply to his case. However, "[t]he new definitions and classifications cannot be utilized for offenses which occurred prior to November 1, 1989, because, in many instances, the elements of the offense are completely different." T.C.A. § 40-35-118, Sent'g Comm'n Cmts. For example, when Appellant committed his crime in October 1989, one of the elements of aggravated kidnapping was that the victim suffered serious bodily injury. *See* T.C.A. § 39-2-301(a)(B) (Supp. 1988), *repealed by* 1989 Tenn. Pub. Act ch. 591 § 1. In 1990, after Appellant committed this offense, the legislature created the offense of especially aggravated kidnapping as a Class A felony and reclassified the offense of aggravated kidnapping, which now requires only that the victim suffer bodily injury (as opposed to *serious* bodily injury), as a Class B felony. *See* T.C.A. § 39-13-304(a)(4) (1990). Though called the same thing, aggravated kidnapping before 1990 is a different crime than aggravated kidnapping after 1990, just as grand larceny is a different crime than theft of property. *See Robert Lynn Godsey v. State*, No. 03C01-9308-CR-00280, 1994 WL 419020, at \*4 (Tenn. Crim. App. Aug. 11, 1994), *perm. app. denied* (Tenn. Jan. 30, 1995). Tennessee Code Annotated section 39-11-112 provides:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by the statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense.

Therefore, Appellant is "subject to prosecution under the law as it existed at the time of his offense." *Robert Lynn Godsey*, 1994 WL 419020, at \*4. The 1989 Sentencing Reform Act served only to change the sentencing of crimes that were committed before November 1, 1989, not their definitions or classifications. Appellant is not entitled to benefit from the redefinition of aggravated kidnapping and its reclassification from a Class A felony to a Class B felony. *See State v. Davis*, 825 S.W.2d 109, 111 (Tenn. Crim. App. 1991), *perm. app. denied* (Tenn. 1992).[3]

Ex post facto considerations only come into play if the 1989 Sentencing Reform Act calls for a harsher sentence than that available under prior law. *See* T.C.A. § 40-35-117,

---

[3] "The state asserts that it concedes that aggravated kidnapping was reduced from a Class A felony to a Class B felony and that, therefore, the defendant is entitled to benefit from this reduction. Such a concession is magnanimous, but it is incorrect." *Davis*, 825 S.W.2d at 111.

Sent'g Comm'n Cmts ("Because of the ex post facto provisions of the Tennessee and United States constitutions, a defendant sentenced after November 1, 1989, for an offense committed between July 1, 1982, and November 1, 1989, may not receive a greater punishment than he would have received under the prior law."); *State v. Pearson*, 858 S.W.2d 879, 883 (Tenn. 1993); *Davis*, 825 S.W.2d at 112. In October of 1989, the sentencing range for aggravated kidnapping was between twenty years and life imprisonment. T.C.A. § 39-2-301(c) (Supp. 1988). Under the 1989 Act, the sentence for a Class A felony is between 15 and 60 years. T.C.A. § 40-35-112. Thus, Appellant received the benefit of the less severe punishment under the new law.

Appellant also alleges that the 100% release eligibility portion of his sentence is illegal because the violent offender statute, enacted in 1995, does not retroactively apply to a crime committed in 1989. *See* T.C.A. § 40-35-501(i)(1) ("There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2)," including aggravated kidnapping). However, our supreme court has consistently held that release eligibility may be negotiated through the plea bargaining process. *See Davis v. State*, 313 S.W.3d 751, 757 (Tenn. 2010); *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). In *McConnell*, the supreme court noted that with the passage of the 1989 Sentencing Reform Act, "the legislature's failure to limit the use of offender classification and release eligibility as plea bargaining tools evinced the legislature's intent to permit the practice." 12 S.W.3d at 798.

> [A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility. Accordingly, the parties may agree to a "hybrid" sentence that "mixes and matches" range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain *so long as* (1) the term of years is within the overall range of years specified for the offense, and (2) the [release eligibility date] is not less than the minimum allowable for the offense.

*Davis*, 313 S.W.3d at 760 (emphasis in original, internal quotations and citations omitted). The supreme court has even held that "[a] defendant's bargaining power extends to the point that he or she may choose to forego entirely any entitlement to a [release eligibility date]." *Id*. at 765. While Appellant is correct that Tennessee Code Annotated section 40-35-501 does not apply to his case to require 100% service of his sentence, Appellant has pointed to no statute in existence prior to 1995—and we know of none—that would prohibit it.

Additionally, there is nothing in the limited record before us to indicate that Appellant did not knowingly and voluntarily agree to an out-of-range sentence of 60 years to be served

at 100%. In order to avoid the death penalty for his first degree murder conviction, Appellant agreed to the maximum sentence possible for the Class A felony of aggravated kidnapping. The State also withdrew an appeal in Appellant's first post-conviction proceeding that was then pending before the Tennessee Supreme Court in reliance on the agreement. Appellant did subsequently challenge the voluntariness of his guilty plea in his second post-conviction petition, but this Court affirmed the post-conviction court's denial of relief. *David Brimmer v. State*, 2006 WL 3455219, at *1. Even if the issue had not been previously determined by the post-conviction court, the record currently before us is inadequate to make such a determination now. In finding that Appellant voluntarily agreed to this sentence, the trial court considered the transcript of the plea agreement and other documents in its case file which have not been included in the appellate record. "In the absence of an adequate record on appeal, this Court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Because Appellant voluntarily agreed to serve his sentence at 100%, his sentence is not illegal.

## Conclusion

Based upon our review of the record, we agree with the trial court that Appellant failed to state a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1. Therefore, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE