IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs February 26, 2019

**STATE OF TENNESSEE v. ROGER CLAYTON DAVIS**

**Appeal from the Circuit Court for McMinn County**
**Nos. 87-262 through -268  Andrew M. Freiberg, Judge**

_____

**No. E2018-01518-CCA-R3-CD**
_____

The Appellant, Roger Clayton Davis, filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, and the trial court summarily denied the motion. On appeal, the Appellant contends that the trial court erroneously imposed consecutive sentencing and that the sentences imposed by the trial court are illegal because the trial court enhanced his sentences based upon facts not determined by a jury in violation of Blakely v. Washington, 542 U.S. 296 (2004). Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. JAMES CURWOOD WITT, JR., J., not participating.

Roger Clayton Davis, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Stephen Davis Crump, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In 1988, the Appellant was convicted of five counts of rape and one count of aggravated kidnapping. State v. Davis, 825 S.W.2d 109, 110 (Tenn. Crim. App. 1991). Originally, the trial court imposed consecutive sentences that totaled life plus one hundred years. Id. On appeal, this court remanded for resentencing. Id. (citing State v. Roger Clayton Davis, No. 170, 1989 WL 112748, at *1 (Tenn. Crim. App. at Knoxville,

Sept. 29, 1989)). The trial court resentenced the Appellant as a Range II, multiple offender to consecutive sentences of forty years for the aggravated kidnapping conviction and twenty years for each rape conviction for a total effective sentence of one hundred and forty years. Id. On appeal, the Appellant again challenged the sentences imposed by the trial court, including the imposition of consecutive sentencing. Id. This court held that the Appellant should have been sentenced as a Range I, standard offender and reduced the individual sentences to twenty-five years for the aggravated kidnapping conviction and twelve years for each rape conviction. Id. at 113. However, this court upheld the imposition of consecutive sentencing, resulting in a total effective sentence of eighty-five years. Id.

Thereafter, the Petitioner filed a petition for post-conviction relief, which was summarily dismissed because the issues raised had been waived or previously determined. Roger Clayton Davis v. State, No. 03C01-9308-CR-00265, 1993 WL 523654, at *1 (Tenn. Crim. App. at Knoxville, Dec. 16, 1993). The Petitioner filed a second petition for post-conviction relief in which he rehashed his previous claims and raised a claim of ineffective assistance of counsel. Roger Clayton Davis v. State, No. 03C01-9409-CR-00323, 1995 WL 509422, at *2 (Tenn. Crim. App. at Knoxville, Aug. 29, 1995). The post-conviction court summarily dismissed the petition. Id. On appeal, this court agreed that the Appellant could not relitigate the claims raised in the first petition but held that the post-conviction court should have allowed him to present proof regarding his allegations of ineffective assistance of counsel. Id. After a hearing, the post-conviction court denied relief, which this court affirmed on appeal. Roger Clayton Davis v. State, No. 03C01-9902-CR-00076, 2000 WL 21307, at *1 (Tenn. Crim. App. at Knoxville, Jan. 14, 2000).

Subsequently, on May 16, 2018, the Appellant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the Appellant alleged that the trial court imposed consecutive sentencing based upon abduction and rape charges that were pending in Monroe County and later were dismissed and on abduction and sexual assault charges in Florida that resulted in a conviction for false imprisonment. The Appellant further alleged that the trial court illegally enhanced his sentences based upon facts not determined by a jury in violation of Blakely v. Washington, 542 U.S. 296 (2004), and State v. Gomez, 239 S.W.3d 733 (Tenn. 2007).

The trial court summarily dismissed the motion, finding that although the claims raised by the Appellant "were potentially appealable[,] . . . [t]here is nothing 'illegal about [the] Petitioner's sentence at bar." Therefore, the trial court held that the Appellant had not presented a colorable claim for relief under Rule 36.1. Moreover, the trial court noted that the Appellant had previously challenged the trial court's imposition of

- 2 -

consecutive sentencing, but this court upheld the trial court's determinations.  On appeal, the Appellant challenges the trial court's summary dismissal of his motion.

## II.  Analysis

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an unexpired illegal sentence at any time.  See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015).  "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a).  As our supreme court has explained, only "fatal" sentencing errors render sentences illegal.  State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015).  "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses."  Id.  Conversely, "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence."  Id.  Few appealable errors rise to the level of an illegal sentence.  Id.

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion.  See Tenn. R. Crim. P. 36.1(b).  Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'"  Wooden, 478 S.W.3d at 592.  Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1."  Id. at 593.  A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based."  Id. at 594.  In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated."  Id.  Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo.  Id. at 588.

The Appellant's claim regarding the charges pending in Monroe County and Florida were addressed by this court on direct appeal and found to be without merit.  Davis, 825 S.W.2d at 112.  This court determined that the trial court did not err by sentencing the Appellant to the maximum within the range and by imposing consecutive sentencing.  Id. at 112-13.  We again conclude that the Appellant is not entitled to relief.  See State v. Kevin McDougle, No. W2018-00996-CCA-R3-CD, 2019 WL 1409329, at *2 (Tenn. Crim. App. at Jackson, Mar. 27, 2019); Michael White v. State, No. M2017-02039-CCA-R3-CD, 2018 WL 3532081, at *2 (Tenn. Crim. App. at Nashville, July 23, 2018).

On appeal, the Appellant also alleges that the trial court failed to make the requisite Wilkerson[1] factors before finding that the Appellant was a dangerous offender. The Appellant did not raise this issue in his motion. We will not address issues raised for the first time on appeal. State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995).

Turning to the Appellant's claim regarding a Blakely violation, we note that this court has stated previously that "a Blakely violation would not render a judgment void and does not meet the definition of an illegal sentence under Rule 36.1." State v. Rafael Antonio Bush, No. M2016-01537-CCA-R3-CD, 2017 WL 2376825, at *7 (Tenn. Crim. App. at Nashville, June 1, 2017); see State v. Rodricus Antwan Johnson, No. W2018-00950-CCA-R3-CD, 2018 WL 6528698, at *3 (Tenn. Crim. App. at Jackson, Dec. 11, 2018), perm. to appeal denied, (Tenn., Feb. 22, 2019); State v. James Mario Starnes, No. M2016-02274-CCA-R3-CD, 2018 WL 446202, at *1 (Tenn. Crim. App. at Nashville, Jan. 17, 2018). Therefore, the Appellant is not entitled to relief.

### III. Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE

---

[1] In order to impose consecutive sentencing based upon finding that a defendant is a dangerous offender, a court must also find the so-called "Wilkerson factors," namely that "(1) the sentences are necessary in order to protect the public from further misconduct by the defendant and [that] (2) 'the terms are reasonably related to the severity of the offenses.'" State v. Moore, 942 S.W.2d 570, 574 (Tenn. Crim. App. 1996) (quoting State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995)); see also State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999).